FILED

**NOT FOR PUBLICATION**

JAN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAN PRIETO-CORTEZ, | No. 16-72048 |
| Petitioner, | Agency No. A095-804-565 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 9, 2019[**]
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and ROBRENO,[***] District Judge.

On June 23, 2016, Petitioner Adan Prieto-Cortez filed a petition in this court

seeking review "from the decision of the District Director denying his request for a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

stay, pending the adjudication of his DACA application." At that time, no final order of removal existed and nothing was pending before the Board of Immigration Appeals ("BIA"). Petitioner later filed a motion to reopen with the BIA, which the BIA denied. Petitioner did not file a petition for review from the BIA's decision. He now asks us to construe his original petition for review from the District Director's decision as a timely petition for review from the BIA's later denial of his later motion to reopen. We decline to do so.

Even assuming that we were to adopt the view—taken by some but not all of our sister circuits[1]—that a premature petition for review could "ripen," that concept does not apply when a different decision-maker and a substantively different issue are involved. The earlier petition is not effective to obtain review of a decision not yet made, in a proceeding not yet even set in motion.

**Petition DISMISSED.**

---

[1] See Abdisalan v. Holder, 774 F.3d 517, 527 & n.9 (9th Cir. 2015) (en banc) (noting the circuit split and that the issue remains open in this court).